UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

LAURA MARCHESE,

        Plaintiff,

                                             CASE NO.:

vs.

DOLGENCORP, LLC., a foreign
limited liability company,

        Defendant.

_____ /

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, LAURA MARCHESE ("MARCHESE" or "Plaintiff"), by and through her undersigned counsel, and sues the Defendant, DOLGENCORP, LLC a foreign limited liability company ("Defendant") and alleges the following:

    1.     Plaintiff brings these claims for disability discrimination against Defendant for its failure to accommodate and its unlawful termination of Plaintiff based upon her disability, or "perceived disability," in violation of the Florida Civil Rights Act, Chapter 760, FLA. STAT. ("FCRA"), and the Americans with Disabilities Act of 1990, as amended. *42 U.S.C. § 12101 et seq.* ("ADA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and his attorneys' fees and costs.

## JURISDICTION

    2.     The Court has original jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101 *et seq.* The Court has supplemental jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1367, as this claim is so related to Plaintiff's ADA claim that it forms part of the same case or controversy.

Specifically, Plaintiff was discriminated against and treated differently than other employees solely because of her disability, and/or "perceived disability."

## VENUE

3.      Venue is proper because Defendant conducts substantial business in Lee County, Florida, and Plaintiff worked for Defendant in Lee County, Florida, where the actions at issue took place.

## PARTIES

4.      Plaintiff is a disabled female. During all times relevant, Plaintiff lived in St. Lucie County, Florida. Plaintiff is protected by the FCRA and ADA because:

      a.      She was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

      b.      She suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

5.      Defendant was at all material times an "employer" as envisioned by the ADA as well as §760.02(7), FLA. STAT.

## CONDITIONS PRECEDENT

6.      Plaintiff, timely filed a dual charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant in 2008.

7.      On January 22, 2016, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

8.      The EEOC found cause for Plaintiff's claims of discrimination.

9.      Plaintiff timely files this action within the applicable period of limitations

against Defendant.

10.     All conditions precedent to this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

11.     Plaintiff worked for Defendant from September 1990, until her illegal termination on January 25, 2008.

12.     At the time of her termination, Plaintiff as a Store Manager for Defendant.

13.     In August 2006, Plaintiff was injured while working for Defendant.

14.     As a result of such injury, Plaintiff was placed on light duty, but was still permitted to perform her managerial duties other than, among other things, lifting.

15.     This injury continued to deteriorate resulting in Plaintiff becoming disabled in that she was not able to perform major life activities such as lifting or grasping in excess of five (5) pounds.

16.     Plaintiff provided Defendant with documentation regarding the status of her disability and injury, and Defendant's management was aware of same.

17.     Defendant, however, failed to engage in the interactive process with Plaintiff to determine, how, if at all, it could accommodate Plaintiff's disability in the workplace.

18.     Notwithstanding the foregoing, however, in September 2007, Defendant's adjuster told Plaintiff that she was a "liar" and was accused of not having permission by Defendant to see her doctor regarding her ongoing medical condition.

19.     From that point forward, Defendant stopped accommodating Plaintiff's disability, and began retaliating against her for her needed accommodations.

20.     Specifically, despite being aware of Plaintiff's lifting restrictions due to her disability, Defendant would understaff Plaintiff's store, and actually move Plaintiff's

3

employees to other locations, forcing her to violate her doctor's orders/restrictions on lifting, and manually stock merchandise in her store.

21. Defendant's management also starting treating Plaintiff in a hostile and derogatory manner when she objected to Defendant not accommodating her disability.

22. In January 2008, while Plaintiff was on vacation, Defendant pre-textually concocted a story of alleged misconduct committed by Plaintiff in the workplace.

23. Defendant's real reason for these allegations, was that it did not want to accommodate Plaintiff and was attempting to force her out of the workplace based on her disability.

24. When Plaintiff returned from her vacation on January 25, 2008, she was fired by Defendant.

25. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the Florida Civil Rights Act.

26. At all material times hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with or without reasonable accommodation.

27. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity, but was treated by Defendant as if it did.

28. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

29. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA.

30.     Defendant does not have a non-discriminatory rationale for terminating Plaintiff's employment.

31.     Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment.  Therefore, she is the member of protected classes as envisioned by the ADA and the Florida Civil Rights Act.

32.     Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

## COUNT I:

### AGAINST DEFENDANT FOR DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

33.     Plaintiff realleges and adopts the allegations contained in paragraphs 1-32 as if fully set forth in this Count.

34.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination/harassment under the ADA.

35.     The discrimination/harassment to which Plaintiff was subjected was based on her disability and/or "perceived disability."

36.     The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

37.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

38.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation

expenses pursuant to the ADA.

39.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF AS TO COUNT I

WHEREFORE, Plaintiff prays that this Court will:

40.     Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADA;

41.     Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

42.     Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

43.     Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADA.

44.     Provide any additional relief that this Court deems just.

## COUNT II:

## AGAINST DEFENDANT FOR DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

45.     Plaintiff realleges and adopts the allegations contained in paragraphs 1-32, as if fully set forth in this Count.

46.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, FLA. STAT.

47.     The discrimination to which Plaintiff was subjected was based on her

disability, or "perceived disability."

48.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

49.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

50.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), FLA. STAT.

51.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

### REQUEST FOR RELIEF AS TO COUNT II

WHEREFORE, Plaintiff prays that this Court will:

52.     Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

53.     Requiring that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

54.     Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

55.     Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), FLA. STAT.; and

56.     Provide any additional relief that this Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 9<u>th</u> day of February 2016.

Respectfully submitted,

_____
Richard Celler, Esquire
Florida Bar No. 0173370
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: richard@floridaovertimelawyer.com

*Counsel for Plaintiff*
